ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
WILLIAM G. VOIT
Assistant U.S. Attorney
Arizona State Bar No. 025808
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: William.Voit@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED ✓
RECEIVED ___ COPY ___

JUL 1 1 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

FILED ⊠ ___ LODGED
RECEIVED ___ COPY ___

OCT – 2 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 18-08057-PCT-DLR |
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Garrison Sloan, | |
| Defendant. | |

Plaintiff, the United States of America, and the defendant, GARRISON SLOAN, hereby agree to dispose of this matter on the following terms and conditions:

1.    **PLEA**

The defendant will plead guilty to Counts 16, 18, 19, 20, 22, 23, 25, 27, 28, and 30 of the Indictment, each charging the defendant with Voyeurism, a violation of 18 United States Code (U.S.C.) §§ 1152 and 13, and Arizona Revised Statutes (A.R.S.) § 13-1424(A), (C)(2)(a), and (C)(2)(c), a Class E felony offense.

2.    **MAXIMUM PENALTIES**

a.    Each violation of 18 U.S.C. §§ 1152 and 13, and A.R.S. § 13-1424(A), (C)(2)(a), and (C)(2)(c) is punishable by a maximum fine of $150,000, a maximum term of imprisonment of 1.5 years, or both, and a term of supervised release of up to 1 year. Pursuant to 18 U.S.C. §§ 1152 and 13, and A.R.S. § 13-902(A)(4) and (E), if probation is imposed for any such violation, the term of probation will be at least three years and up to



1  life.   The sentence imposed for any count may be ordered to run concurrent with or
2  consecutive to the sentence imposed for any other count.
3       b.     According to the Sentencing Guidelines issued pursuant to the Sentencing
4  Reform Act of 1984, the Court shall order the defendant to:
5            (1)     make restitution to any victim of the offense pursuant to 18 U.S.C.
6  § 3663 and/or 3663A, unless the Court determines that restitution would not be
7  appropriate;
8            (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a
9  fine is not appropriate;
10            (3)     serve a term of supervised release when required by statute or when
11  a sentence of imprisonment of more than one year is imposed (with the understanding
12  that the Court may impose a term of supervised release in all other cases); and
13            (4)     pay upon conviction a $100 special assessment for each count to
14  which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.
15       c.     The Court is required to consider the Sentencing Guidelines in determining
16  the defendant's sentence.   However, the Sentencing Guidelines are advisory, and the
17  Court is free to exercise its discretion to impose any reasonable sentence up to the
18  maximum set by statute for the crime(s) of conviction, unless there are stipulations to the
19  contrary that the Court accepts.
20  **3.   AGREEMENTS REGARDING SENTENCING**
21       a.   <u>Stipulation: Sentencing Range for Counts 16, 19, 20, 22, 23, 27, 28, and 30</u>.
22  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate
23  that the defendant shall be sentenced to a total term of imprisonment of no less than 3
24  years and no more than 6 years for Counts 16, 19, 20, 22, 23, 27, 28, and 30.   The Court
25  may order any or all of the sentences on these counts to run concurrently or consecutively
26  to each other in order to achieve a sentence of imprisonment within this range for these
27  counts.   The Court may consider all relevant conduct to determine the most appropriate
28  sentence.

- 2 -

1        b.    <u>Stipulation: Lifetime Probation for Counts 18 and 25</u>.  Pursuant to Fed. R.

2 Crim. P. 11(c)(1)(C), the United States and the defendant stipulate, and the defendant

3 agrees, that lifetime probation for Counts 18 and 25 is appropriate for the ends of justice,

4 and thus that the defendant shall be sentenced to a lifetime term of probation for Counts

5 18 and 25.

6        c.    <u>Stipulation: Sex Offender Designation and Registration</u>.  Pursuant to Fed.

7 R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate, and the defendant

8 agrees, that the Court shall order the defendant to register as a sex offender pursuant to 18

9 U.S.C. §§ 1152 and 13 and A.R.S. §§ 13-1424 and 13-3821(C).

10        d.    <u>Stipulation: Sex Offender Conditions</u>.   Pursuant to Fed. R. Crim. P.

11 11(c)(1)(C), the United States and the defendant stipulate, and the defendant agrees, to

12 the following sex offender conditions during the term of probation: within three days

13 from release from prison, the defendant shall register as a sex offender in accordance

14 with tribal, state, and federal law in any jurisdiction in which he resides, is employed, or

15 is a student, and will provide the supervising probation officer with verification of

16 registration.   During the term of probation, the defendant shall undergo sex offender

17 treatment and counseling as directed by the probation department and as ordered by the

18 Court.  Such treatment may include physiological testing, including clinical polygraph

19 testing.  If recommended by the Probation Officer and ordered by the Court, this testing

20 may also include plethysmograph.   If the probation department, and the Court, in

21 determining the most appropriate sentence, deems it appropriate, the defendant shall

22 submit to a presentence sex offender evaluation pursuant to 18 U.S.C. § 3552(b).  Such

23 sex offender evaluation shall be conducted under the standardized conditions set forth by

24 the examiner.   Defendant's attorney shall not be present during any part of the

25 examination unless otherwise authorized by the examiner in advance of said evaluation or

26 as otherwise agreed upon between the parties in writing.   The parties agree that any

27 statements used in connection with the examination shall not be used in the instant

28 prosecution or in any subsequent federal prosecution of the defendant in the District of

1    Arizona.  As a condition of probation, the defendant shall cooperate in the collection of a

2    DNA sample as authorized in 18 U.S.C. § 3583(d).

3        e.    Restitution.   Pursuant to 18 U.S.C. § 3663, 3663A and/or 2248, the

4    defendant specifically agrees to pay full restitution to all victims in an amount to be

5    determined by the Court, but in no event more than $100,000.00 per victim.  "Victims"

6    include persons or entities directly or proximately harmed by defendant's "relevant

7    conduct" including conduct pertaining to any dismissed counts or uncharged conduct, as

8    defined by U.S.S.G. §1B1.3, regardless of whether such conduct constitutes an "offense"

9    under 18 U.S.C. §§ 2259, 3663, 3663(A) or 2248.  Pursuant to 18 U.S.C. §§ 3663 and

10   3664(j)(1), "victims" also include persons or entities (whether private or government:

11   state, federal or tribal) that have paid for costs related to defendant's conduct, including

12   insurance providers and health care providers (including those such as Medicaid,

13   Medicare and AHCCCS).  Even if the victim did not suffer physical injury, the defendant

14   expressly agrees to pay restitution for expenditures and future expenses related to

15   treatment for mental or emotional trauma suffered by the victims.  Such expenditures

16   shall include, but are not limited to: mental health treatment and counseling, in-patient

17   treatment, and traditional Native American ceremonies treatment.   The defendant

18   understands that such restitution will be included in the Court's Order of Judgment and

19   that an unanticipated restitution amount will not serve as grounds to withdraw the

20   defendant's guilty plea or to withdraw from this plea agreement.

21       f.    Assets and Financial Responsibility.   The defendant shall make a full

22   accounting of all assets in which the defendant has any legal or equitable interest.  The

23   defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend,

24   or transfer any such assets or property before sentencing, without the prior approval of

25   the United States (provided, however, that no prior approval will be required for routine,

26   day-to-day expenditures).   The defendant also expressly authorizes the United States

27   Attorney's Office to immediately obtain a credit report as to the defendant in order to

28   evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

- 4 -

1     The defendant also shall make full disclosure of all current and projected assets to the

2     U.S. Probation Office immediately and prior to the termination of the defendant's

3     supervised release or probation, such disclosures to be shared with the U.S. Attorney's

4     Office, including the Financial Litigation Unit, for any purpose.  Finally, the defendant

5     shall participate in the Inmate Financial Responsibility Program to fulfill all financial

6     obligations due and owing under this agreement and the law.

7          If the defendant is (or hereafter becomes) a member of a Native American tribe

8     that provides "per capita" payments to its members, the defendant agrees that any such

9     "per capita" payment shall be paid over to the Clerk of the Court and applied to the

10    defendant's restitution obligation until restitution to all victims is paid in full.

11    **4.**      **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

12         a.      Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of

13    sentencing, shall dismiss the remaining charges in the Indictment.

14         b.      This agreement does not, in any manner, restrict the actions of the United

15    States in any other district or bind any other United States Attorney's Office.

16    **5.**      **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

17         a.      If the Court, after reviewing this plea agreement, concludes that any

18    provision contained herein is inappropriate, it may reject the plea agreement and give the

19    defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

20    11(c)(5).

21         b.      If the defendant's guilty plea or plea agreement is rejected, withdrawn,

22    vacated, or reversed at any time, this agreement shall be null and void, the United States

23    shall be free to prosecute the defendant for all crimes of which it then has knowledge and

24    any charges that have been dismissed because of this plea agreement shall automatically

25    be reinstated.  In such event, the defendant waives any and all objections, motions, and

26    defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

27    restrictions in bringing later charges or proceedings.  The defendant understands that any

28    statements made at the time of the defendant's change of plea or sentencing may be used

1  against the defendant in any subsequent hearing, trial, or proceeding subject to the

2  limitations of Fed. R. Evid. 410.

3  **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

4          The defendant waives (1) any and all motions, defenses, probable cause

5  determinations, and objections that the defendant could assert to the indictment or

6  information; and (2) any right to file an appeal, any collateral attack, and any other writ

7  or motion that challenges the conviction, an order of restitution or forfeiture, the entry of

8  judgment against the defendant, or any aspect of the defendant's sentence, including the

9  manner in which the sentence is determined, including but not limited to any appeals

10 under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and

11 2255 (habeas petitions), and any right to file a motion for modification of sentence,

12 including under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any

13 appeal, collateral attack, or other motion the defendant might file challenging the

14 conviction, order of restitution or forfeiture, or sentence in this case.  This waiver shall

15 not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel

16 or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics

17 Op. 15-01 (2015)).

18 **7.    DISCLOSURE OF INFORMATION**

19         a.      The United States retains the unrestricted right to provide information and

20 make any and all statements it deems appropriate to the U.S. Probation Office and to the

21 Court in connection with the case.

22         b.      Any information, statements, documents, and evidence that the defendant

23 provides to the United States pursuant to this agreement may be used against the

24 defendant at any time.

25         c.      The defendant shall cooperate fully with the U.S. Probation Office.  Such

26 cooperation shall include providing complete and truthful responses to questions posed

27 by the U.S. Probation Office including, but not limited to, questions relating to:

28               (1)      criminal convictions, history of drug abuse, and mental illness; and

- 6 -

1    (2)    financial information, including present financial assets or liabilities

2  that relate to the ability of the defendant to pay a fine or restitution.

3  **8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

4        a.    Nothing in this agreement shall be construed to protect the defendant from

5  administrative or civil forfeiture proceedings or prohibit the United States from

6  proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. §

7  3613, all monetary penalties, including restitution imposed by the Court, shall be due

8  immediately upon judgment, shall be subject to immediate enforcement by the United

9  States, and shall be submitted to the Treasury Offset Program so that any federal payment

10  or transfer of returned property the defendant receives may be offset and applied to

11  federal debts (which offset will not affect the periodic payment schedule). If the Court

12  imposes a schedule of payments, the schedule of payments shall be merely a schedule of

13  minimum payments and shall not be a limitation on the methods available to the United

14  States to enforce the judgment.

15        b.    The defendant agrees to forfeit, and hereby forfeits, all interest in any asset

16  that the defendant owns or over which the defendant exercises control, directly or

17  indirectly, as well as any property that is traceable to, derived from, fungible with, or a

18  substitute for property that constitutes the proceeds of the offense(s), or which was used

19  to facilitate the commission of the offense(s), including the following property:

20        **(1) Sony model PCG-1P1L;**

21        **(2) My Passport Ultra HD;**

22        **(3) Dell Latitude E6520 laptop;**

23        **(4) Seagate 500 GB Hard Drive;**

24        **(5) Alienware 17 laptop computer;**

25        **(6) Micro SD card;**

26        **(7) Black colored backpack;**

27        **(8) 5 USB memory sticks and Apple Nano;**

28        **(9) SanDisk model Sansa MP3 Player;**

**(10) Microsoft Surface tablet 128 GB;**

**(11) Windows Tablet;**

**(12) Amazon Tablet model A729;**

**(13) Black colored cellular telephone;**

**(14) Microsoft Surface 3 Tablet;**

**(15) Samsung Galaxy S4, s/n: R21DC5DKN6Z;**

**(16) Midland XTC400 video camera, s/n: 140500745;**

**(17) One (1) Staples CD-R, 700 MB, unlabeled;**

**(18) Vivitar Vivi Cam 5118, pink, s/n: E3253A00228335;**

**(19) Lexar 16 GB thumbdrive, blue & white, N12610;**

**(20) Maxtor One Touch 4 250 GB HDD, s/n: 2HA1AMXA; and**

**(21) Any other property seized by the FBI in connection with this matter, including but not limited to any and all CD(s), DVD(s), other media or devices, and images or image files.**

c.    The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, which may include Title 8 U.S.C. § 1324(b), Title 18 U.S.C. §§ 924(d), 981, 982 and 2253, Title 21 U.S.C. §§ 853 and 881, and Title 28 U.S.C. § 2461(c).

d.    Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be

appropriate now or in the future.

      e.     The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

      f.     The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant further agrees that he/she will not contest civil, administrative or judicial forfeiture of the listed property. The defendant agrees to waive his/her right to notice of any forfeiture proceeding involving this property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding.

      g.     The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible were involved in the offense(s).

      h.     The defendant hereby waives, and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he/she is a "substantially prevailing party" for the purpose of recovery of

1  attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant

2  to 28 U.S.C. § 2465(b)(1).

3  **9.    ELEMENTS**

4                              **Voyeurism**

5        Between on or about April 4, 2015, and April 4, 2017, in the District of Arizona:

6        1.      the defendant knowingly invaded the privacy of another person;

7        2.      without the knowledge of the other person;

8        3.      for the purpose of sexual stimulation;

9        4.      the offense occurred on the Navajo Nation Indian Reservation, in Indian

10               Country; and

11       5.      the defendant was an Indian at the time of the crime.  Specifically, the

12               defendant had some quantum of Indian blood and was a member of or was

13               affiliated with a federally recognized tribe.

14       A person's privacy is invaded if both of the following apply:

15               a. The person had a reasonable expectation that the person would not be

16               photographed, videotaped, filmed, digitally recorded or otherwise viewed

17               or recorded; and

18               b. The person was photographed, videotaped, filmed, digitally recorded or

19               otherwise viewed, with or without a device, either: (1) while the person was

20               in a state of undress or partial dress, or (2) while the person was urinating

21               or defecating.

22  **10.   FACTUAL BASIS**

23       a.      The defendant admits that the following facts are true and that if this matter

24  were to proceed to trial the United States could prove the following facts beyond a

25  reasonable doubt:

26               Between on or about April 4, 2015, and April 4, 2017, in the
                 District of Arizona, at the Tséhootsooí Medical Center, within
27               the confines of the Navajo Nation Indian Reservation, Indian
                 Country, I committed the crime of Voyeurism as listed in the
28

                                    - 10 -

below table.  Specifically, I knowingly invaded the privacy of other persons by covertly placing video recording devices in bathrooms at the Tséhootsooí Medical Center and then digitally recording persons while they were using the bathrooms, generating video files that I saved and viewed, as follows:

| Count | Victim | Filename Suffix |
|---|---|---|
| 16 | A.S. | 20161027_115559.mp4 |
| 18 | John Doe | VID_20161115_145659.mp4 |
| 19 | D.T. | 20161026_123213.mp4 |
| 20 | J.A. | 14.mp4 |
| 22 | S.A. | 20161028_065913.mp4 |
| 23 | J.W. | [name redacted]20m20s[name redacted]Y1h9m.mp4 |
| 25 | Jane Doe | VID_20161115_145659.mp4 |
| 27 | M.F. | VID_20161018_152743.mp4 |
| 28 | V.M. | VID_20161026_131222.mp4 |
| 30 | V.S. | 20161028_105406.mp4 |

The true and unredacted names of each victim and of each file from the above table are listed in the corresponding counts of the unredacted Indictment.

I video recorded and subsequently viewed each victim while that person was in a state of undress or partial dress and while that person was urinating or defecating.  I did this without the knowledge of the victims and for the purpose of my own sexual stimulation. Each victim had a reasonable expectation that the person would not be photographed, videotaped, filmed, digitally recorded or otherwise viewed or recorded.

I was an Indian at the time of these crimes.  Specifically, at the time of the crimes, I had a sufficient quantum of Indian blood and was a member of or was affiliated with a federally recognized tribe, namely the Navajo Nation Indian Tribe.

b.     The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

- 11 -

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney.  I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement.  I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time.  I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside, where I am an employee; and where I am a student.  I understand that the requirements for registration include providing my name,

1   my residence address, and the names and addresses of any places where I am or will be

2   an employee or a student, among other information.  I further understand that the

3   requirement to keep the registration current includes informing at least one jurisdiction in

4   which I reside, am an employee, or am a student not later than three business days after

5   any change of my name, residence, employment, or student status.  I have been advised,

6   and understand, that failure to comply with these obligations subjects me to prosecution

7   for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine

8   or imprisonment, or both.

9        This written plea agreement, and any written addenda filed as attachments to this

10  plea agreement, contain all the terms and conditions of the plea.  Any additional

11  agreements, if any such agreements exist, shall be recorded in a separate document and

12  may be filed with the Court under seal; accordingly, additional agreements, if any, may

13  not be in the public record.

14      I further agree that promises, including any predictions as to the Sentencing

15  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

16  (including my attorney) that are not contained within this written plea agreement, are null

17  and void and have no force and effect.

18      I am satisfied that my defense attorney has represented me in a competent manner.

19      I fully understand the terms and conditions of this plea agreement.  I am not now

20  using or under the influence of any drug, medication, liquor, or other intoxicant or

21  depressant that would impair my ability to fully understand the terms and conditions of

22  this plea agreement.

23

24  __6-15-18_____          _____

    DATE                                 GARRISON SLOAN
25                                        Defendant

26           **APPROVAL OF DEFENSE COUNSEL**

27      I have discussed this case and the plea agreement with my client in detail and have

28  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

- 13 -

constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible.  I have further discussed the concept of the advisory Sentencing Guidelines with the defendant.  No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement.  I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

15 June 2018
DATE

ROBERT J. McWHIRTER
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

9/11/18
DATE

WILLIAM G. VOIT
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

10-2-18
DATE

HONORABLE DOUGLAS L. RAYES
United States District Judge

- 14 -